(161 App. Div. 208)

## WITTHAUS v. ST. THOMAS' CHURCH IN CITY AND COUNTY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    March 6, 1914.)

1. RELIGIOUS SOCIETIES (§ 26*)—RIGHTS OF PEWHOLDERS.

A pewholder in a church has no title to the soil nor to the church edifice, but possesses only a limited usufructuary right to use the pew when the building is open for services, subject to the reasonable regulations of the church.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 168–179;  Dec. Dig. § 26.*]

2. RELIGIOUS SOCIETIES (§ 26*)—RIGHTS OF PEWHOLDERS.

The rights of a. pewholder in a church exist only so long as the church stands, and, when the church edifice becomes so dilapidated that it must be removed or is destroyed by fire, his rights are gone, and he is entitled to no indemnity.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 168–179;  Dec. Dig. § 26.*]

3. RELIGIOUS SOCIETIES (§ 31*)—RIGHTS OF PEWHOLDERS.

Where a pewholder in a church is deprived of his pew for convenience or from expediency and not from necessity, his remedy is by an action at law for damages.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 199–207;  Dec. Dig. § 31.*]

4. RELIGIOUS SOCIETIES (§ 26*)—RIGHTS OF PEWHOLDERS—"CHURCH."

In a deed by a church of the Protestant Episcopal denomination conveying a pew "so long as the church shall endure," the word "church" referred to the church edifice and not to the Protestant Episcopal church at large. as an ecclesiastical body, and hence the rights of the pewholder ceased upon the destruction of the building by fire.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 168–179;  Dec. Dig. § 26.*

For other definitions, see Words and. Phrases, vol. 2, pp. 1152–1155; vol. 8, p. 7602.]

5. RELIGIOUS SOCIETIES (§ 31*)—ADMISSIONS—UNACCEPTED OFFERS.

In an action by a pewholder in a church, which was destroyed by fire, to compel an allotment of pews in a temporary structure erected in place of the destroyed building, an offer by officers of the church to pay plaintiff the value of his pews as carried on the books of the church, which was refused and withdrawn, could not be proved to show plaintiff's absolute ownership of the pews.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 199–207;  Dec. Dig. § 31.*]

Appeal from Trial Term, New York County.

Action by Rudolph A. Witthaus against St. Thomas' Church in the City and County of New York, sued as the Rector, Churchwardens, and Vestrymen of St. Thomas' Church. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Eustace Conway, of New York City, for appellant.

Hoffman Miller, of New York City, for respondent.

SCOTT, J. Plaintiff, as successor in title to his mother, became the holder of two pews in St. Thomas' Protestant Episcopal Church in the city of New York, one of which she had acquired in 1874, and the other in 1885. Plaintiff did not use them personally but rented one for $374 per annum and the other for $302.50 per annum. One pew was subject to the payment of an annual tax of $99; the other was free of tax. The pews seem to have been valued on the books of the church at $1,375 and $1,000, respectively. On August 8, 1905, the church edifice was completely destroyed by fire. The church erected, among the ruins, a temporary wooden structure, which was used pending the erection of a new permanent building.

[1-4] Plaintiff's claim is that he became entitled to an allotment of two pews in the temporary structure, corresponding in size and location with those which he held in the destroyed church, and he seeks to compel such an allotment and to recover damages for the refusal to make such an allotment heretofore. The right which a pewholder has to a pew in a church is very well settled. He possesses no title to the soil upon which the church stands nor to the church edifice. He possesses only a limited usufructuary right of use involving the right to use it when the building is open for services, subject to the reasonable regulations of the church, and there is no right of access to it or right to use it for any other purpose or in any other manner. This right exists only so long as the church stands. If the church edifice has become so dilapidated that it must be removed, or is destroyed by fire, as in this case, the pewholder's rights are gone, and he is entitled to no indemnity. Voorhees v. Church, 8 Barb. 135; Id., 17 Barb. 104; Heeney v. St. Peter's Church, 2 Edw. Ch. 611; Abernathy v. Church, 3 Daly, 7; Wheaton v. Gates, 18 N. Y. 395; Went v. Methodist Church, 80 Hun, 266, 30 N. Y. Supp. 157. It is only in cases wherein a pewholder is deprived of his pew for convenience or from expediency and not from necessity that he has a right to indemnity (Voorhees v. Church, supra), and when he has such right his appropriate remedy is by an action at law for damages. The plaintiff claims to have a right to a pew in the defendant church different from the right of pewholders generally. This he seeks to find in the habendum clause in the deeds by which the pews were conveyed to his ancestor laying stress upon the words "so long as the church shall endure." He would apply these words to the Protestant Episcopal Church at large as an ecclesiastical body, but we consider it quite clear that the words could reasonably have been intended to refer only to the church edifice mentioned in the deed.

[5] Plaintiff sought to show that at one time some officer of the church offered to pay to him the valuation at which his pews were carried on the books of the church; his contention apparently being that by making such an offer the church had admitted his absolute ownership of the pews. It may be that at some time the officers of the church, or some of them, may have believed that plaintiff was en-

titled, as matter of law, to indemnity for the destruction of his pews. If they did so believe they were mistaken. At all events the plaintiff refused the offer, and it was withdrawn.

The judgment appealed from must be affirmed, with costs. All concur.