## STUBBS et al. v. TEXAS LIQUOR CONTROL BOARD.

### No. 13381.

Court of Civil Appeals of Texas. Dallas.

Oct. 23, 1942.

Rehearing Denied Nov. 20, 1942.

Carlton, Martin & Street, of Dallas, for appellants.

Gerald C. Mann, Atty. Gen., and Owen D. Cox, W. P. Watts, R. D. Moorhead, Edgar Pfeil, and George W. Barcus, Asst. Attys. Gen., for appellee.

LOONEY, Justice.

The Texas Liquor Control Board canceled the wine and beer retailer's permit held by the appellants, on the ground that

their place of business was within 300 feet of the South Dallas Christian Church; from the order, appellants appealed to the district court, pending which, the judge suspended the order of cancellation; but after a full hearing on the merits, the court dissolved the temporary suspension order and, in all respects, upheld and affirmed the action of the Board; from which this appeal was prosecuted. Over the objection of the Board, the court permitted appellants to suspend the judgment, pending the appeal, by the execution of a supersedeas bond.

■ The first question presented involves the ruling of the court, permitting appellants to suspend the judgment pending appeal to this court. In the case of E. P. Hallum, Appellant, v. Liquor Control Board, 166 S.W.2d 175, this day decided, presenting the identical question, we held that the trial court erred in permitting the judgment of cancellation to be superseded pending the appeal. So, for the reasons given in the opinion filed in the Hallum case, we also hold that the court erred in the instant case, and that the supersedeas bond executed by appellants should be and is hereby quashed.

The facts being undisputed, the question for decision is, whether appellants' place of business is located within 300 ft. of the Church in question; if so, it is prohibited under the Liquor Control Act as well as the ordinance of the City of Dallas.

The City Council of the City of Dallas, as authorized by Art. 666—25a of Vernon's Ann.Penal Code, passed an ordinance prohibiting the issuance of a license or permit to any dealer or person engaged in, handling liquors (described in the Texas Liquor Control Act), where the place of business of such dealer is within 300 ft. or any church, etc. The statute provides for "the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

The facts are these: The South Dallas Christian Church is located at the intersection of Grand Avenue and South Harwood Streets in the City of Dallas; the Church has two front or main doors facing on Grand Avenue; back of the main church auditorium, and attached to it, is a wooden building used as a Sunday school room, which has a main or front door that opens on South Harwood Street, through which, entrance may be had to all

parts of the church. Appellants' place of business is located at the corner of South Harwood and an alley, and fronts on South Harwood Street opposite the Sunday school annex, its front door being at the northeast corner of the building occupied. The statement of facts contains pictures of the church building proper, the Sunday school annex, the different entrances, appellants' place of business, also a plat showing the relative positions of the buildings and some of the measurements.

Appellants' contention, in substance, is that, under the rule prescribed, measurement should begin at the center of the door of appellants' place of business, thence to South Harwood Street, 51.5 ft.; thence on Harwood to its intersection with Grand Avenue, a distance of 129 ft.; thence across Harwood Street to a point opposite the center of the front entrance of the church on Grand Avenue, a distance of 100.6 ft.; thence 23 ft. from the line of the street up the steps of the church to the center of the front entrance, a total distance of 304.1 ft. This contention is based on the idea that, the term "front door of a church" as used in the statute, means the door or doors that constitute the principal entrance to the church, and that the measurement should begin and end at the center of the doors instead of at the sides, or at the steps.

On the other hand, it is the contention of appellee that there are several measurements permissible under the statute, showing appellants' place of business to be within 300 ft. of the church. One of these is that, if the measurement pursued by appellants should begin and end at the near side of each door, the distance would be only 299.1 ft.; that if the measurement pursued should end at the steps leading up to the door, 15 ft. from the street line, instead of going 23 ft. up the steps to the center of the door, the distance would be 8 ft. less, or 196.10 ft.; that if the measurement should begin at the center of the door of appellants' place of business, thence following the alley (apparently a public alley) across Harwood Street; thence along the line of Harwood Street, and the property line of the church to a point opposite the door leading into the Sunday school room and thence to the door, the distance would be only 160 ft.; that if this same measurement is extended down Harwood Street with the church property line to a point directly in front of the main entrance to the church,

180

thence to the front door of the church, the distance would be about 270 ft.

Article 666—2 of the Liquor Control Act provides: "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose"; and the general rule of measurement relating to territory within which a saloon may operate is stated in a note in 96 A.L.R. p. 778, as follows: "The proposition appears to be established as a rule of law that, except as may be otherwise specifically provided, the distance contemplated by a statute or regulation prohibiting the granting of a license for the sale of intoxicating liquors, or traffic therein, within a certain distance of a named institution or place (e. g., church * * *), must be measured in a straight line, rather than in some other manner, such as by the usually traveled route or the street lines."

Obviously, it was the intention of the Legislature to prohibit a place for the sale of liquor within 300 ft. of a church, determined by any permissible measurement under the rule prescribed for that purpose. The meaning generally given by courts to the phrase "from front door to front door" is that, any door leading into the church or saloon is a front door; in other words, it is held that a church or saloon may have several front doors and may face upon two or more streets; and we are of opinion that is the sense in which the provisions of the Liquor Control Act should be construed. In 15 R.C.L., pp. 372-373, the doctrine is stated that " * * * In the case of a corner church, either of two doors leading from the respective intersecting streets, into a tower or vestibule from which one door leads to the auditorium, must be regarded as the front entrance within the meaning of a statute prohibiting saloons within a given distance from the front entrance of a church, although one door may be used more than the other, and may be on the street on which the church lot technically faces. * * * 137. In applying the prohibition against sales near churches, great liberality is exercised, and the rule of construction usually adopted is said to favor the religious institutions and not the traffickers in liquors, to the end that the protection be extended to all the multifarious denominations and societies, irrespective of their particular tenets or creed, and no matter with what ceremony or lack of it their faith may be evinced. Any structure used principally for religious worship and Bible study is included although some of its rooms may be used by societies incidental to the church, * * *."

A church is a place where persons regularly assemble for worship and a Sunday school is for religious instruction and religious worship, primarily for and by children; therefore, we think the statute prohibiting saloons within 300 ft. of a church, under a liberal construction, should be held to prohibit a saloon from being operated within 300 ft. of the front door of that portion of the church used for a Sunday school; for, assuredly, it must be assumed that the Legislature intended by the Act in question to measurably protect children and others attending Sunday school from the influence of traffic in liquor conducted so near the church.

We are of opinion that, under a liberal construction of the Act, either measurement insisted upon by appellee is permissible and that, under either, appellants' business was shown to be within 300 ft. of the church in question; hence we conclude that the court did not err in so holding, and in upholding and affirming the cancellation order of the Liquor Control Board. For the reasons heretofore stated, the supersedeas bond issued by appellants is quashed and the judgment of the court affirming the order of the Liquor Control Board is affirmed.