In the Matter of Mary Thorne, Petitioner, against John K. Breese et al., Respondents.

Supreme Court, Speicial Term, Westchester County, February 13, 1946.

*Nathan E. Zelby* for petitioner.

*Alvin McKinley Sylvester* (*Harry F. Karst* of counsel), for respondents.

Davis, J. Petitioner seeks to restrain the operation of a retail liquor store as in violation of subdivision 3 of section 105 of the Alcoholic Beverage Control Law. The question involved is as

to whether the premises in question are within two hundred feet of a public school as defined by the statute. The school in question maintains a playground for its students which is enclosed by a fence, access to which is by means of a gate. Concededly the latter is within the two-hundred-foot limitation. Petitioner contends that by a proper construction of the statute the gateway becomes the " entrance". Decisions are cited in other jurisdictions which it is claimed support this contention.

The section under consideration reads as follows: " No retail license to sell liquor and/or wine for off-premises consumption shall be granted for any premises which shall be located on the same street or avenue, and within two hundred feet of a *building* occupied exclusively as a school, church, synagogue or other place of worship; the measurements to be taken in a straight line from the center of the *nearest entrance to the building* used for such school, church, synagogue or other place of worship to the center of the nearest entrance of the premises to be licensed * * *." (Underscoring by the court.)

No matter what moral issue may be involved, the court cannot read into the statute a meaning which according to its clear and unequivocal language does not exist. Accordingly, I hold that the measurement should be made to the nearest entrance of the building itself and concededly this is more than two hundred feet.

Petitioner's application is denied. Respondents' cross motion granted. Submit order on notice at Special Term.