## Hren et al. License

*Walter H. Compton,* for petitioner.

*Horace A. Segelbaum,* for Pennsylvania Liquor Control Board.

WOODSIDE, J., February 9, 1948.—This appeal from the refusal of the Liquor Control Board to issue a hotel liquor license involves the interpretation of the statutory provision giving the board the right in its discretion to refuse the license if the place proposed to be licensed is within 300 feet of a church.

The building for which appellants seek a hotel liquor license is situated on the northwest corner of Front and Swatara Streets in Steelton. The building has two entrance doors on Front Street (the main street) one at the corner of Front and Swatara Streets and two on Swatara Street. These doors have all been closed and locked. The entrance being used is off of Swatara Street and to the rear of Front Street. It faces the Bethlehem Steel Company Canal and has no street opposite it. The door is reached from Swatara Street by passing over a porch three feet wide.

The Centenary Evangelical United Brethren Church, the congregation of which protested the granting of the license, is located on 218 South Second Street. According to the testimony the church is 238 feet from the entrance door at Front and Swatara Streets. This is the door and the part of the building nearest the church. All of the other doors measured according to the rules of the board are within 300 feet of the church except the entrance being used which is about 312 feet from the church. The point on the curb on Swatara Street opposite the porch leading to the door is 297 feet 9 inches. It is this measurement upon which the board relies and about which appellants complain. Because of the protests of the congregation of a church within 300 feet of the place proposed to be licensed the board refused the petition of appellants.

The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended provides in section 403 (47 PS §744-403) that "in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable instiution, school or public playground. . . ."

Whether "such place proposed to be licensed is within 300 feet of a church" is not difficult to determine. All we need to know is what is meant by "place proposed to be licensed" by "church" and by the expression "within 300 feet."

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533, provides that "words and phrases shall be construed according to rules of grammar and according to their common and approved usage, . . ."

What is the "place proposed to be licensed"? Section 402 of the Liquor Control Act requires petitioner to set forth in the application "that part of the hotel, res-

taurant or club for which the applicant desires a license", in other words the place proposed to be licensed. It may, of course, be necessary to further define the expression in particular cases, as for example to determine whether a kitchen or wine cellar, or hallway is or is not a part of the place to be licensed, but generally speaking the place to be licensed is that part of the premises for which petitioner is seeking a license, or in other words, that part of the premises over which the board would have jurisdiction if the license were granted.

A "church" according to the definition in Webster's New International Dictionary, 2nd Edition 1944, is "(1) a building set apart for public worship".[1]

In Presbyterian Church v. Allison, 10 Pa. 413 (1849) the Supreme Court said: "All churches are spoken of in common parlance as buildings". See also Witthaus v. St. Thomas' Church, 146 N. Y. Supp. 279, 280 (1914); In re Rupp et al., 106 N. Y. Supp. 483, 484 (1907); Stubbs et al. v. Texas Liquor Control Board, 166 S. W. (2d) 178, 180 (1942) (Texas); Combined Congregations of the District of Columbia v. Dent, 140 F.(2d) 9, 10 (1943).

Within 300 feet means that the nearest point of the place to be licensed and the nearest point of the church are less than 300 feet apart.

In interpreting this provision of the law in Somach's License, 32 D. & C. 603, 605 (1938) Judge Musmanno said:

"It seems fundamental to us that in measuring distances, there can be only one method employed—and that is straight linear measure. Geographical measurements have no regard for streets, curbs, or walking lanes. They are direct, undeviating, and absolute. Distances referred to in statutes can only be measured in

---

[1] Church also has other meanings, as for example the organization of Christianity or of an association of Christians or "religious service in a church" but clearly in the statutory provision before us it relates to a building and not a service or organization.

the same way. Mathematical distances should never, and can never, be a subject for debate. Three hundred feet can not contract or stretch according to the view of the particular person doing the measuring. It is not a matter of deciding which street or route to follow. Lineal measurements ignore streets, as they must nullify mountains, rivers, and any other intervening topography.

"As a straight line is the shortest distance between two termini, 300 feet must inevitably be 300 feet over the shortest cosmographic route—and that means a straight line." [2]

In Kulbicas' License, 34 D. & C. 423 (1938) Judge Henry suggested that measurements should be made by "the shortest straight line". On the other hand there are lower court opinions which have approved the regulations of the board relating to measuring: Wolf's License, 58 D. & C. 178; 181 (1946, Montgomery Co.); Elmen's License, 51 D. & C. 477, 486 (1944, Crawford Co.); Betoff's License, 36 D. & C. 32, 35 (1939, Philadelphia Co.); Tucci v. Pennsylvania Liquor Control Board, 6 Schuyl. 382, 384 (1939); Appeal of Aaron D. Klugh, 248, September sessions, 1939 (Dauphin).

These opinions are in conflict with appellate court decisions of other States which hold that, except as otherwise specifically provided, the distance contemplated by a statute prohibiting the granting of a license for the sale of intoxicating liquors within a certain distance of a church must be measured in a straight line rather than in some other manner such as by the usually traveled route or the street lines. See 96 A. L. R. 779, and cases there cited from Alabama, California, District of Columbia, Georgia, Iowa, Massachusetts and Rhode Island. See also Langella v. City of Bayonne, 46 A. (2d) 789, 790 (1946 N. J.); Hallum v. Texas L. C. B., 166 S. W. (2d) 175, 177

---

[2] For an interesting and humorous discourse on the somewhat irrelevant subject of "how a crow flies" refer to Judge Musmanno's opinion.

(1942, Texas) and Stubbs et al. v. Texas L. C. B. 166 S. W. (2d) 178, 180 (1942, Texas).

Nothing would seem more elemental than that in determining the distance of a "place" from some spot, the measurement would reach to the "place". But the board has other ideas which are set forth in rule 15 of its "Regulations" as follows:

"A straight line shall be extended to the curb or street line at a point directly opposite the center of the patrons' entrance doorway of the building, proposed to be licensed, or in which are located the room or rooms proposed to be licensed, said entrance door to be the one nearest the church, school, etc., and in the event the building proposed to be licensed has more than one patrons' entrance door, then the line shall be extended to a point on the curb or street line directly opposite the nearest entrance door of the said building to the church, school, etc. From the point thus established on the curb or street line, hereinafter referred to as the 'fixed point', the distance of three hundred feet shall be measured."

This "fixed point" on the curb from which the board measures is not a part of the "place proposed to be licensed". If a licensee were to sell liquor at that "point" or at any place between it and the place licensed, in other words, on the sidewalk, he would be violating the law, because the sidewalk is not a part of the licensed place.

The board thus makes no effort to determine whether the place to be licensed is within 300 feet of a church but attempts to determine whether a mystic point by the gutter in front of the place is within 300 feet of a church. This mystic point might be a considerable distance from the "place to be licensed". In fact, it was admitted by counsel for the board at argument that the board's regulation would fix that mystic point two miles from the place to be licensed, if, for example, a

hunting lodge two miles from a "public highway" sought a license.

That the mystic point in front of the liquor place is by the gutter has no significance, for the board sets the equally mysterious point by the gutter at the church end of the measuring as well. The regulations provide:

"Section 16. Except as hereinafter provided, the distance from a church, Sunday School, hospital or charitable institution shall be measured in an air line from the fixed point to a point on the curb or street line, directly opposite the end of any such building (whether erected upon or back from the property line), nearest the fixed point, and if the two points are on opposite sides of the same street, then the measurement shall be made in an air line between such points.

"Section 17. Provided, however, that in calculating the distance between the fixed point and a public playground or a public school building, erected back from the street (the school yard or ground shall be considered as a public playground), the measurement shall be made from a point on the curb or street line directly opposite the property line of such playground nearest the fixed point on the same or the other street. However, when there is no school yard or ground, the measurement shall be made as hereinbefore stated.

"In the event the respective buildings are situate on different streets, then the measurements shall be made in an air line from the fixed point on the one street to the line of the intersection of the two streets nearest the other building or playground, and thence in an air line on the other street to the point established thereon in the manner hereinbefore stated.

"All measurements shall be made along public streets, roads or highways."

Let us see how these rules work. Suppose it is 30 feet from the curb to the entrance of the "place". If to get to a church you must cross the street which is in front of the "place" you may go 329 feet from the

"place" and still be within the 300 feet limit as measured by the board, but if you can get to the church by going up the street on the same side and then turning the corner of the same block, the entrance to the drinking place may be only 271 feet away but the board goes 30 feet more to get to the curb in front of the place, and calls it more than 300 feet.

But that is not the worst situation. Suppose there is a place proposed to be licensed in the middle of a block extending to an alley but having a patron's entrance only in the front. Directly across the alley is a church. The board would measure from the gutter point in front of the place along the curb to the street corner, then down the street to the alley, then along the alley to the gutter point of the church. It might well be over 300 feet between the restaurant and the church according to the board's measurement and yet in fact the pulpit and the juke box may not be 20 feet apart. Under the board's "regulations" it would be possible to broad jump from a playground to a beer garden and still have the board say they are not within 300 feet of each other.

Appellant, for very obvious reasons, does not challenge the right of the board to make its regulations, but argues that they were not properly applied. The board contends it has a right to make regulations, and that they were properly applied in this case. Both are wrong.

We think that what we set forth above demonstrates that the regulations are both unreasonable and unlawful.

Under section 202 of the Liquor Control Act (47 PS §744-202), the board has authority to make regulations, *but only such as are not inconsistent with the act*: Revocation of Wolf's License, 115 Pa. Superior Ct. 514, 519 (1935).

The board has discretion to grant or refuse the license if the place proposed to be licensed is within 300

feet of any church. The board cannot by "regulations" put within 300 feet of a church a place that is not in fact within such distance, nor can it put outside of such limit a place which is in fact within it.

The board may grant a license to a place within 300 feet of a church, and insofar as it wishes to adopt regulations to determine when it will and when it will not grant such license it may do so. For example, it is lawful for the board to say that if the entrance or the mystic point in front of it is 301 feet from a church, in the exercise of its discretion it will issue a license even though the back of the place to be licensed and the church are only 100 feet apart. But it cannot adopt regulations which provide fictitious means of measuring the 300 feet to determine the area within which it has discretion.

Appellants argue that since the board has discretion to grant or refuse a license to a place within 300 feet of a church it has the right to make regulations, and having made them it is bound to apply them in this case. Here the board refused the license. If in fact the place supposed to be licensed was within 300 feet of a church it doesn't matter whether the board's regulations in measuring the distance were properly applied or not. For the purpose of determining whether the place is within the distance giving it discretion the regulations conflict with the act of assembly and are therefore unlawful and void.

Because the measurements between the place proposed to be licensed and the church were made in the manner prescribed by the board's regulations, the exact distance between the two is not in evidence. It is clear however, that part of the building in which a license to sell liquor is sought, is within 300 feet of the Centenary Evangelical United Brethren Church, and that therefore the board has discretion to grant or refuse the license.

Appellants further argue that the board, if it has discretion, has abused it by refusing a license, pointing out that the place proposed to be licensed cannot be seen from the church and that the only objecting testimony was from the pastor of the church whose objection was based on his belief that the Government should prohibit the sale of liquor everywhere. They overlook, however, that the objection of the pastor was also based on "a unanimous vote of the church" to oppose the granting of the license.

Objections are not always filed with the board when the place proposed to be licensed is within 300 feet of a church. When the church through the action of its congregation, or its duly constituted officials, objects to the granting of a license to a place within 300 feet of its meeting place we think the board does not abuse its discretion by refusing the license on that ground alone.

The place proposed to be licensed being within 300 feet of a church and the congregation of the church having objected to the granting of the license the action of the board must be sustained.

Insofar as this opinion may be inconsistent with the opinion written by the late Judge Wickersham of this court in Appeal of Aaron D. Klugh, 248, January sessions, 1939 (unreported) the same is hereby overruled.

It may well be that this opinion adds to the confusion now existing because of the conflicting interpretations of the liquor and related laws by the various courts. If such is the case it is in part the fault of the board in not applying the clear provisions of the statute, but it is primarily the responsibility of the legislature in not permitting an appeal to the appellate courts whose jurisdiction is State-wide. Statutory interpretations frequently result in conflicting conclusions and require the consideration of the highest court to settle the law.

The entire matter is even more confused by the board's refusal to accept the law as laid down for it

by the court which the legislature has designated as the court of final jurisdiction. Moved by "policy" or "consistency" or "uniformity" or something else entirely foreign to all known principles of our jurisprudence the board follows in all jurisdictions its own idea of what the law should be, rather than what the law of the jurisdiction is. The legislature, in allowing an appeal from the board to the court, establishes as the law of the jurisdiction what the court interprets it to be. By denying the right of appeal the legislature makes the law of the common pleas court final. The board has no legal right to ignore the law as stated by the courts.

And now, to wit, February 9, 1948, the appeal is dismissed and the action of the board in refusing the license is affirmed.