STATE *ex rel.* A. D. MUSICK

*v.*

GROVER T. DAVIS, JR., WEST VIRGINIA

NON-INTOXICATING BEER COMMISSIONER

(No. 12278)

Submitted October 1, 1963.     Decided November 26, 1963.

BROWNING, JUDGE, not participating.

*Neal A. Kinsolving,* for relator.

*C. Donald Robertson,* Attorney General, *Philip J. Graziani,* Assistant Attorney General, for respondent.

BERRY, PRESIDENT:

This proceeding in mandamus, instituted under the original jurisdiction of this Court, seeks to compel the defendant, Grover T. Davis, Jr., West Virginia Non-intoxicating Beer Commissioner, hereinafter referred to as Commissioner, to issue an unrestricted Class A beer license to the petitioner, A. D. Musick, hereinafter referred to as petitioner, authorizing the sale of non-intoxicating beer for consumption on or off the premises of the petitioner. The Commissioner refused to issue the license requested on the ground that the petitioner's place of business was located within 300 feet of the All Saints Episcopal Church in South Charleston, West Virginia. The Commissioner's answer admits that the petitioner meets all other qualifications for such license as required by Code, 11-16-12, as amended.

It is the contention of the petitioner that his place of business is located more than 300 feet from said Church and the only question involved in this proceeding is the method used in measuring such distance, which in any event must follow the provisions contained in the statute for such measurements.

A rule was granted by this Court on September 16, 1963, to require the Commissioner to show cause why the license applied for should not be issued. The rule was returnable October 1, 1963, at which time the case was submitted to this Court for decision upon arguments and briefs.

The pertinent part of the statute, Code, 11-16-12, as amended, which governs the disposition of this case reads as follows:

> "The commissioner may refuse a license to any applicant under the provisions of this article if he shall be of the opinion:
>
> * * * *
>
> "(b) That the place to be occupied by the applicant is not a suitable place; or is within three hundred feet of any school or church, measured from front door to front door along the street or streets: * * *"

The question of whether the petitioner's place of business is a suitable place is not involved in this proceeding, as such ground was not assigned by the Commissioner for refusal of a Class A beer license.

The Commissioner, under a rule promulgated by him, as provided by Code, 11-16-14, as amended, measured the distance from a point on the curb of MacCorkle Avenue opposite the front door of the petitioner's place of business to a point on the curb on MacCorkle Avenue opposite the front door of the church in question, which distance was under 300 feet. However, between the church and the point where the Commissioner's measurement stopped, there was a vacant lot over which there was no entrance to the church although it was owned by the church. The distance between this point on MacCorkle Avenue and the church was over 100 feet and the distance from the door of the petitioner's place of business and the point on the curb opposite petitioner's front door where the Commissioner's measurement started was 14.6, all of which made the total distance over 300 feet.

The method of measurement used by the petitioner to support his contention that his place of business was over 300 feet from the church, which he alleged followed the requirements for such measurements as contained in the statute, starts from the front door of the petitioner's place of business to a point on the street curb in front of the petitioner's place of business to a point on Harris Street and along such street to a walkway provided and used to enter the church and thus along said walkway to a point in front of the church and thence to the front door, which distance totaled more than 300 feet.

The cases dealing with the matter involved here are confusing. The confusion is caused by the wording of the statute as to how the measurements should be made. The wordings of the statutes dealing with this matter in other states are all different. However, the statutes in Texas and New York with regard to a method of measurement are the closest to the wording of the statute in this State.

In the case of *Stubbs* v. *Texas Liquor Control Board,* 166 S. W. 2d 178, it was held that where the words "from front door to front door" were used in the statute the measurements could be along the property lines of the street fronts and from front door to front door. In the case of *Thorne* v. *Breese,* 186 Misc. 929, 61 N. Y. S. 2d 117, it was held that where the statute required the measurements to be taken from the nearest entrance of the building the measurements must be made to the nearest entrance of the building itself. and not to a gate leading into the grounds. In other words, the measurements to the entrance or doors were measured in these cases. The West Virginia cases dealing with this particular matter do not answer the question involved here because different circumstances are involved. In the case of *Beverly Grill, Inc., Etc.* v. *Burton Crow, Non-Intoxicating Beer Commissioner,* 133 W. Va. 214, 57 S. E. 2d 244, decided in 1949, a writ was granted compelling the Commissioner to issue a license to the petitioner where his place of business was located within 150 feet to 200 feet from the nearest school or church. The statute at that time would have allowed refusal of the license if it were not a suitable place, and a regulation forbade the license if the beer garden was "in reasonable close proximity" to a church or school. The actual reason for the refusal was sentiment of the community which opposed the license. The statute at that time had no provisions with regard to the distance in linear measurements such place of business had to be from a school or church. By the time the case of *Thacker* v. *Crow,* 141 W. Va. 361, 90 S. E. 2d 199, arose in 1955, the statute had been amended and contained the same provisions with regard to distances and method of measuring such distances as it now contains. This case held that the 300 feet had to be measured from the buildings and not to an athletic field because the field was not a school.

Inasmuch as the statute providing for the measurement of distances requires that it be measured from *front door to front door* and not from a point opposite the front door, such distance back to the door must be measured; and in the case at bar, when such distance is measured either by

the method employed by the petitioner or by the Commissioner, such distance is over 300 feet. The Commissioner's rule, providing for the measurement to be started at a point opposite the front door of such place of business or such church or school and not from the door itself, does not follow the wording of the statute and cannot be upheld in such instance where it conflicts with the provisions of the statute. *Thacker* v. *Crow, supra.*

It is true that the method of measuring distances as provided by the legislature in this instance can result in ridiculous situations but it is not up to this Court to write or re-write the statutes. This is the duty of the legislature, and when the statute is written and states that the distances must be measured from certain specific places, this Court cannot change the wording of the statute and have it read from other places which may be more reasonable and obtain better results. It may be that the very wording of the statute which must be followed does not accomplish the purpose for which the legislature intended it. If it was the intention of the legislature not to have a beer establishment selling beer within a certain distance of a church or school or the property line thereof, it should so state in clear, concise language, which is not difficult to do in a case involving the question at hand. All the statute would have to say would be that no beer could be sold in any establishment or building within a certain distance from such building to a church or school building or the property line thereof, measured in a straight line from any point on either building involved, or within a radius of any given distance that was desired that such product was not to be sold, specifying the point from which the radius should be measured. Then, there would be no question or confusion with regard to the method of measurements in such cases. See *Butler* v. *State,* 89 Ga. 821, 15 S. E. 763; *United States ex rel, Sheehy* v. *Johnson,* 12 App. D. C. 92; *Evans* v. *United States,* 261 F. 902.

For the reasons stated herein, the writ prayed for is awarded.

*Writ awarded.*