■ In the Matter of WAVERLY RESTAURANT CORP., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Law and Rules to annul a determination of the respondent State Liquor Authority, made September 23, 1964 after a hearing, which disapproved the petitioner's application for a restaurant wine license. By order of the Supreme Court, Kings County, entered March 3, 1965, the proceeding has been transferred to this court for disposition. Determination annulled, without costs, and respondent directed to issue such license to petitioner forthwith. The petitioner is operating the restaurant as a bona fide Italian type restaurant. There is no stand-up bar in the premises and the wine or beer that would be sold in the premises, if a license were issued, would be served at the tables. There was no claim that the restaurant, when operated by the former owner under a restaurant wine license, was noisy, or that the former owner ever permitted any immoral conduct or loud noises, or was guilty of any act, or of permitting any of its customers to do any act, damaging to the health, safety or morals of passers-by, or that it had violated any of the provisions of the Alcoholic Beverage Control Law. The only objections against the application, filed by the principals of St. Angela Hall Academy and St. Joseph's College for Women, were based on the proximity of the petitioner's premises to the two institutions. At the time of the hearing, one of said school principals had left. Apparently the other principal has a personal opposition to wine and beer but, although requested by petitioner's counsel to appear at the hearing, she did not appear. It is undisputed that approval of the application is not barred by subdivision 7 of section 64 of the Alcoholic Beverage Control Law, which prohibits the issuance of a retail license for on-premises consumption for any premises which shall be on the same street within 200 feet of a building occupied exclusively as a school or place of worship, the measurements to be taken in a straight line from the centers of the nearest entrances to the buildings (see, e.g., *Matter of Cup & Saucer Cottage Rest.* v. *New York State Liq. Auth.*, 19 A D 2d 597, affd. 13 N Y 2d 1050; *Matter of China City* v. *New York State Liq. Auth.*, 19 A D 2d 832; *Matter of Thorne* v. *Breese*, 186 Misc. 929). The Authority, in disapproving the application, stated that the application was disapproved for the following reasons: "The records before the Authority disclose that the applied for premises are located

within 200 feet of an areaway which leads to a rear entrance to St. Joseph's College for Women and directly across the street from a playground which leads to the rear of St. Angela Hall Academy which is a school accommodating children of grade and high-school ages and that said playground is used as an entrance and exit from said academy by children who are transported by buses. That the authorities operating said schools have submitted protests to approval of this application and that in view of all of the facts and circumstances involved there appears to be merit in said protest in that approval of the application would possibly change the character of the premises and would not serve public convenience and advantage." In our opinion, the statement that approval of the application "would possibly change the character of the premises" was a purely conjectural statement, without warrant in the record to justify it and was not a valid ground for disapproval of the application. The statement that approval of the application would not serve public convenience and advantage was a generalized conclusion based upon the Authority's other statements in the notice of disapproval (*Matter of Rochester Colony* v. *Hostetter,* 19 A D 2d 250). If the Authority disapproved the application because, as seems probable, the principals of the institutions were opposed to the use of wine and beer, the disapproval was improper because, while it may seek the views of others in reaching a determination, it should not as a *pro forma* act predicate its decision solely upon the recommendation of others, no matter how well intentioned that act may be (*Matter of Steiert* v. *Epstein,* 15 A D 2d 532). If the Authority predicated its determination upon the proximity of the restaurant to the two institutions, that proximity, in and by itself, not being within the proscription fixed by subdivision 7 of section 64 of the Alcoholic Beverage Control Law, was not a reasonable basis for the disapproval of the application (cf. *Matter of Gambino* v. *State Liq. Auth.,* 4 A D 2d 37, 38, affd. 4 N Y 2d 997; *Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465, 468). In our opinion, there was no reasonable basis and no possible scope for the reasonable exercise of the Authority's discretion which would justify its determination that disapproval of the application would promote the public convenience and advantage. We fail to see how the disapproval of the application for a restaurant wine license, for premises conducted as a bona fide restaurant, which had no stand-up bar and where wine and beer would be served only at tables, would foster and promote temperance in the consumption of alcoholic beverages and respect for and obedience to law (cf. Alcoholic Beverage Control Law, § 2; Special Message of the Governor, Feb. 10, 1964). Beldock, P. J., Ughetta, Brennan and Rabin, JJ., concur; Benjamin, J., dissents and votes to confirm the determination of the State Liquor Authority with the following memorandum: On this record I believe there was a reasonable basis for the Authority's determination and, therefore, it should not be disturbed.