■ In the Matter of SURFACE LINE OPERATORS FRATERNAL ORGANIZATION, INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to article 78 of the CPLR, the State Liquor Authority appeals from a judgment of the Supreme Court, Kings County, entered December 2, 1964, which (1) annulled the Authority's denial of petitioner's application for a club liquor license and (2) directed the Authority to issue such license to petitioner upon the latter's compliance with certain conditions. Judgment affirmed, with costs. The Authority's denial of the application was grounded solely upon the theory that such action by it was mandatory under subdivision 7 of section 64 of the Alcoholic Beverage Control Law. That statutory provision prohibits the granting of a license for any premises which are "on the same street or avenue and within two hundred feet of a building occupied exclusively as a school". The school building and the petitioner's premises here in question are not on the same street or avenue unless the school building may be considered to be on Nostrand Avenue. The school building does not front on

that thoroughfare. Its rear yard does. The yard is enclosed by a fence for its entire distance on that avenue, with gates which give access to the avenue. There are rear entrances to the school building which give access into the building from the yard. In our opinion, the contiguity of the yard to the avenue does not justify a holding that, within the meaning of the statute, petitioner's premises and the school building are on the same street or avenue (*Matter of Cup & Saucer Cottage Rest.* v. *New York State Liq. Auth.*, 19 A D 2d 597, affd. 13 N Y 2d 1050; *Matter of Waverly Rest. Corp.* v. *State Liq. Auth.*, 24 A D 2d 985; *Matter of China City* v. *New York State Liq. Auth.*, 19 A D 2d 832; *State ex rel. Woodruff* v. *Centanne*, 265 Ala. 35; *Thacker* v. *Crow*, 141 W. Va. 361; cf. *Appeal of Di Rocco*, 167 Pa. Super. 381; *Rice* v. *Board of License Comrs*, 36 R. I. 50). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.