compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion. * * * Nor shall a person be promoted or transferred to a position for original entrance to which there is required by this act or the rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position."

It is clear from this section, and from the interpretation placed by this court upon the constitutional provision we have referred to in People ex rel. Campbell v. Partridge, 89 App. Div. 497, 85 N. Y. Supp. 853, affirmed 179 N. Y. 530, 71 N. E. 1136, that the assignment of the relator to be a detective sergeant was a promotion within the meaning of that term as used in article 5, § 9, supra. It was held in the Campbell Case that the permanent assignment of a patrolman to serve as a telegraph operator in the telegraph bureau of the police force, the assignment carrying with it by statute the rank and salary of a police sergeant, constitutes a promotion. and by virtue of the constitutional provision (ut supra) and the civil service law is invalid, except as made after a civil service examination. The designation of the relator as a detective sergeant carried with it advancement in position, enchancement of salary, and preferment. The salary of a roundsman is by the charter limited to $1,500 per year, while a detective sergeant receives an annual compensation of $2,000. Section 299 of the charter, supra. Inasmuch as the position of detective sergeant had prior to the relator's appointment as such been classified in the competitive schedule, and the classification promulgated, his appointment was without validity, in the absence of a civil service examination.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with costs.

WOODWARD, J., votes to affirm on the opinion of Maddox, J., at Special Term.

---

PEOPLE ex rel. MURPHY v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

Appeal from Special Term, Kings County.

Mandamus proceedings by the people, on the relation of Charles M. Murphy, against William McAdoo, as police commissioner of the city of New York. From an order awarding a peremptory writ, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, with costs, on the authority of People ex rel. Gilhooly v. McAdoo (decided herewith) 95 N. Y. Supp. 400.

WOODWARD, J., votes to affirm, on the opinion of Maddox, J., at Special Term.