William B. Ellison, Corp. Counsel (John P. Dunn and F. W. Gahrmann, of counsel), for the motion.

John C. Shaw, opposed.

BISCHOFF, J. Asserting that property not embraced within the proceeding has been taken and made the subject of awards, thus increasing the assessments, certain property owners assessed oppose the confirmation of the report. The question whether the land taken was properly within the scope of the proceedings depends upon a construction of the resolution of the board of estimate and apportionment, the basis of the proceedings, and, further, upon the order whereby the commissioners were appointed. Concededly, the order justifies the city's position that this land was included, and upon an earlier motion by these property owners for a modification of the order, so far as to exclude the land in conformity, as was claimed, with the intention of the resolution referred to, the application was denied. Apparently the court decided the question of construction before it; and there is direct authority for the proposition that the application to modify the order was the proper means to a determination of the true scope of the proceeding, a determination which cannot with propriety be made upon the motion to confirm the report. Matter of Grand Boulevard and Concourse, 33 App. Div. 210, 53 N. Y. Supp. 331.

I can find no ground for the assumption of counsel for the respondents that the motion was denied upon the theory that the point should be reserved until the motion for confirmation was heard. Such a result would have been contrary to the rule announced by the Appellate Division in the case referred to, and there is nothing in the record to give color to the contention. Under the circumstances, there is no escape from the conclusion that the point sought to be raised by the objecting parties has been determined by an order in the proper form of proceeding, and cannot be again presented for determination now.

Motion to confirm report granted.

---

(55 Misc. Rep. 313.)

### In re RUPP et al. *

(Supreme Court, Special Term, New York County. July, 1907.)

1. INTOXICATING LIQUORS—CANCELLATION OF CERTIFICATE—GROUNDS.

Liquor Tax Law, Laws 1896, p. 66, c. 112, § 24, subd. 2, prohibiting the issue of a certificate when a building used exclusively as a church is within 200 feet thereof, does not apply to a building used for occasional entertainments incidental to the church, and the subsequent use of the building for public worship does not invalidate a certificate granted before such use.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 115.]

2. SAME—BUILDINGS USED AS DWELLINGS.

The entrance to a rear building on a lot was from the yard between the front and rear buildings, and access to the yard was from the front of the lot. Held, that the direct entrance to the rear building is not the entrance which Liquor Law, Laws 1896, p. 66, c. 112, § 24, subd. 2, contemplates in determining the distance between the nearest entrance to

---

* Affirmed in 106 N. Y. Supp. 1143.

the saloon and the nearest entrance to buildings used exclusively as dwellings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 59.]

In the matter of the petition of Louis P. Rupp and others, executors of Adolph Rupp, for an order revoking a liquor tax certificate issued to Cornelius D. Curnen. Application denied.

Strong. & Cadwalader, for petitioners.
George W. Weiffenbach, for respondent.

BISCHOFF, J. The proceeding is to revoke and cancel a liquor tax certificate issued under the liquor tax law (Laws 1896, p. 45, c. 112, as amended), the gravamen of the petition being the respondent's alleged material misrepresentations when applying for the certificate; he having asserted his proposed saloon to be at least 200 feet distant from the nearest entrance to any building occupied exclusively as a church, and that the consents attached to or accompanying his application represented those of at least two-thirds of the owners of all the buildings occupied exclusively as dwellings and within 200 feet of the nearest entrance to the saloon.

As I view the evidence, the petitioners have failed of the requisite proof in each instance. The respondent's saloon is located at the northwest corner of West Thirty-Fourth street and Ninth avenue, and the building on the south side of the street, west of the avenue, now used by St. Michael's Church for religious worship, had not been so used at any time before the respondent applied for and received the certificate. That it had sometimes been used for entertainments, the proceeds of which went to defray the expenses of the church's needs, is immaterial. The statute was designed to protect such buildings only as were at the time of the issuance of the certificate used exclusively for religious worship—that is, "as a church"; a church referred to as an edifice, in popular comprehension meaning "a building set apart" for religious worship. Webster's Unabr. Dict. Entertainments, whether gratuitous or for revenue, may properly be included among church purposes; but, if the Legislature intended to protect buildings used for church purposes generally, it may reasonably be assumed that it would have said so in unequivocal language. As it is, section 24, subd. 2, of the liquor tax law, prohibits the issuance of a certificate only when the building is used "as a church" exclusively; thus seemingly permitting the certificate if the building is used for purposes other than worship. It could not reasonably be contended that the protection would apply if the building is in part used for business or dwellings, though the revenue thus derived contributed towards the church's support. Zinzow v. Schmidt, 18 Misc. Rep. 653, 43 N. Y. Supp. 714, cannot be said to be to the contrary. All that was there held was that occasional entertainments incidental to the church in a building in actual use for religious worship did not detract from the building's exclusive character "as a church." The foundation walls of a building intended when completed for religious worship certainly imply a church purpose, yet it was held (People ex rel. Sweeney v. Lammerts, 18 Misc. Rep. 343,

40 N. Y. Supp. 1107, affirmed 14 App. Div. 628, 43 N. Y. Supp. 1161) that the walls did not constitute a building occupied exclusively as a church within the meaning of the statute.

That since the issuance of the certificate the building alluded to has been dedicated to religious worship does not, of course, impair the respondent's truthfulness when he represented at the time of his application for the certificate that it was not so used. Nor can such post-certificate dedication be made a ground for the revocation of the certificate. The statute affords protection to the church against the saloon keeper's invasion of the stated precinct; but it does not ordain a loss or forfeiture of the latter's license or certificate because, after it was lawfully issued to him and he was thus encouraged to invest his means in legitimate business, a church, forsooth, should be established within what to him would have been forbidden territory had the church preceded him. That such was not the legislative intention was clear, I think, from the fact that all persons lawfully engaged in the liquor traffic when the law went into effect were expressly permitted to continue at the place or places where such traffic was at the time being carried on. Section 24, subd. 2. The church was thereafter to be secure against the saloon keeper's approach; but it would require some additional legislation, which is beyond the power of the courts, to say that the saloon keeper must flee when the church voluntarily seeks the closer propinquity of his establishment. By section 34 of the statute it is made a crime punishable by both fine and imprisonment for one to traffic in liquors "who is prohibited from so doing," and if the petitioners' contention be sound the respondent became a criminal, amenable to the penal provisions of the statute, and his lawful business an unlawful one, with the advent of the church at a distance within 200 feet from the nearest entrance to his established saloon. That would seem to be unjust, and happily, as I read the law, the Legislature has not expressed that to be its will. Penal laws are to be strictly construed, and, when any doubt as to their meaning arises, that doubt is to be resolved in favor of the accused, and "the more reasonable and restricted interpretation of the penal provisions alluded to shall prevail, unless the unwary and morally innocent of attempted violation of the law be led into a trap arising from the imperfect expression of legislative intention." People ex rel. Gaffney v. Mayer, 41 Misc. Rep. 375, 84 N. Y. Supp. 817.

The only evidence offered to substantiate the charge that the respondent's representations as to the distance between the nearest entrance to his saloon and the nearest entrances to buildings occupied exclusively as dwellings was untrue related to the rear of the premises No. 412 West Thirty-Fifth street, and to the premises No. 404 West Thirty-Fourth street. The entrance to the rear building of No. 412 West Thirty-Fifth street is from the yard between the front and rear buildings, and access to the latter can only be had from Thirty-Fifth street. For the purposes of measurement this direct entrance to the rear building is not one within the meaning of the statute (McDougal v. Malaghan, 184 N. Y. 253, 77 N. E. 12, affirming 108 App. Div. 355, 95 N. Y. Supp. 1142); and while the evidence

may not suffice to show this rear building to be actually intended for use as a paint shop, or the front room on the first floor of the premises No. 404 West Thirty-Fourth street as a city marshal's office, it remains that to demonstrate the respondent's misrepresentation it was incumbent upon the petitioners to show that the premises particularly alluded to were entirely and exclusively used at the time of the respondent's application for the certificate, or so intended to be, as dwellings. Obviously, it does not follow that, because the one was in part used as a paint shop or the other as a city marshal's office, either was used or intended to be used for dwellings exclusively, and without proof of such use or intended use the falsity of the respondent's representations is not apparent.

The proceeding is dismissed, with costs.

Application denied.