## In re FARLEY, State Com'r of Excise.

(Supreme Court, Special Term, Steuben County. September 13, 1913.)

1. Intoxicating Liquors (§ 106*)—Liquor Tax Certificate—Cancellation —Statutes.

Liquor Tax Law (Consol. Laws 1909, c. 34) § 36, providing for the cancellation of a licensee's liquor tax certificate on his conviction of designated offenses, must be strictly construed.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

2. Intoxicating Liquors (§ 106*)—License—Liquor Tax Certificate—Cancellation—Grounds—"Disorderly House."

Laws 1910, c. 619, provides that whoever maintains a house of ill fame, or a place for the practice of prostitution or lewdness, or takes as lessee any house, room, or other premises for any such purposes, or shall keep a lewd, ill-governed, or disorderly house to the encouragement of fornication or other misbehavior, shall be guilty of a misdemeanor. Liquor Tax Law (Consol. Laws 1909, c. 34) § 36, subd. 7, declares that, if the holder shall be convicted of keeping a disorderly house, he shall forfeit his certificate. *Held* that, where the holder of a liquor tax certificate pleaded guilty to willfully, etc., allowing immoral women to entertain men in his saloon, which acts were known to him, and endangered public peace and outraged public decency, it sufficiently appeared that he was convicted of maintaining a "disorderly house," for which his certificate could be canceled.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, vol. 3, pp. 2108–2110.]

Petition by William M. Farley, as State Commissioner of Excise, for an order canceling liquor tax certificate No. 20,503, issued to John Vessa. Granted.

Arthur J. Ruland, of Binghamton (A. M. Sperry, of Binghamton, of counsel), for petitioner.

. Thomas F. Rogers, of Corning, for defendant.

CLARK, J. On or about September 21, 1912, the treasurer of Steuben county, on proper papers being presented to him, issued to defendant, John Vessa, a liquor tax certificate authorizing him to traffic in liquors at the premises No. 78 West Market street in the city of Corning for the excise year ending September 30, 1913, and defendant conducted a business and was engaged in traffic in liquors under said liquor tax certificate at the premises aforesaid until on or about January 8, 1913, when he was indicted by the grand jury of Steuben county under an indictment containing two counts, the second count charging him with a violation of section 43 of the Penal Law (Consol. Laws 1909, c. 40), and particularly charging in said count:

That "the said John Vessa willfully and wrongfully and unlawfully on the 26th day of December, 1912, at No. 78 West Market street in the city of Corning, state and county aforesaid, did allow dissolute women to entertain men in his saloon at No. 78 West Market street for the purposes of prostitution; ,that said acts were to him known and did thereby endanger public

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes .

peace and openly outrage public decency against the peace of the people of the state of New York and their dignity."

Subsequently at a term of the Steuben county court, held on the 24th day of February, 1913, the defendant pleaded guilty to the second count of said indictment above quoted and was sentenced to pay a fine of $150.

This is an application to revoke the liquor tax certificate which had been issued to defendant because of said indictment and conviction, but defendant contends that the crime of which he pleaded guilty is not one of those specified in subdivision 7 of section 36 of the Liquor Tax Law (Consol. Laws 1909, c. 34), and that he has not been convicted of any crime which would authorize the revocation of his certificate.

[1] While it is true, as urged by defendant, that the section in question must be strictly construed, and any doubt arising must be resolved in favor of the accused (Matter of Rupp, 55 Misc. Rep. 313, 106 N. Y. Supp. 483), it seems to me there can be no doubt whatever, in view of the facts established in this case, as to the crime acknowledged by defendant by his plea of guilty. Subdivision 7 of section 36 of the Liquor Tax Law says in substance that, if the holder of a liquor tax certificate should be convicted of keeping a disorderly house, he shall forfeit the certificate held by him at the time of such conviction.

[2] Chapter 619 of Laws of 1910 provides, among other things, as follows:

"Whoever keeps or maintains a house of ill fame, or a place for the practice of prostitution or lewdness, or takes as lessee any house, room or other premises for any such purposes, or shall keep a lewd, ill-governed or disorderly house to the encouragement of fornication or other misbehavior shall be guilty of a misdemeanor."

The defendant plead guilty of—

"willfully and wrongfully and unlawfully allowing dissolute women to enter tain men in his saloon at 78 West Market street, Corning, for the purposes of prostitution; that said acts were known to him; and that they endangered public peace and outraged public decency."

Giving the words their natural meaning, it is perfectly clear that defendant was convicted of keeping a disorderly house in violation of section 1146 of the Penal Law (Consol. Laws 1909, c. 40), as amended by Laws 1910, c. 619, and that would forfeit the liquor tax certificate held by him at the time of such conviction. Liquor Tax Law, § 36, subd. 7. The mere fact that the second count of the indictment charges a violation of section 43 of the Penal Law does not foreclose petitioner from claiming that defendant was charged with keeping a disorderly house, for he pleaded guilty to the whole of the second count of the indictment, and the facts as detailed therein would clearly bring the offense within the definition of a disorderly house and maintaining disorderly premises.

My conclusion is that the defendant by his plea was convicted of keeping a disorderly house within the meaning of the Penal Law, and that his liquor tax certificate should be forfeited. An order may be entered accordingly.