STAIGER *v.* LIQUOR CONTROL COMMISSION.

1. STATUTES—CONSTRUCTION.

It is not the province of a court to alter or change the clear, distinct and unequivocal wording of a legislative enactment.

2. INTOXICATING LIQUORS—CHURCH.

The entire building must be used primarily for purposes of public worship in order to have a "church" within the meaning of provision of liquor act prohibiting the issuance of new licenses to sell intoxicating liquor at retail at a location within 500 feet of a church (CL 1948, § 436.2, as amended by PA 1951, No 219).

3. SAME—RETAIL LICENSES—CHURCHES—USE OF PART OF BUILDING FOR SECULAR PURPOSES.

The use of 7-1/2% of the floor area of a building for secular purposes, located in front portion thereof, prevents consideration that "entire" building was used as a "church," as such term is defined in the liquor control act and as applied in restricting issuance of new licenses to sell intoxicating liquor at retail, and the use of the rental income for the maintenance of the building and religious purposes does not alter the secular character of such use (CL 1948, § 436.2, as amended by PA 1951, No 219; § 436.17a, as amended by PA 1949, No 106).

4. COSTS—PUBLIC QUESTION—INTOXICATING LIQUOR—CHURCHES.

No costs are allowed in proceeding to determine whether a structure constituted a "church" within meaning of term as used in liquor control act, a public question being involved (CL 1948, § 436.2, as amended by PA 1951, No 219; § 436.17a, as amended by PA 1949, No 106).

Appeal from St. Clair; Stewart (Shirley), J. Submitted April 8, 1953. (Docket No. 27, Calendar No. 45,748.) Decided June 8, 1953.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 219.
[2, 3] 30 Am Jur, Intoxicating Liquors §§ 108, 343, 344.
[4] 14 Am Jur, Costs § 91.

Bill by Frank O. Staiger against Liquor Control Commission of the State of Michigan and others to restrain issuance of liquor license to Algonquin Hotel. Decree for defendants. Plaintiff appeals. Affirmed.

*Walsh, Walsh, O'Sullivan, Stommel & Sharp,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Franklin J. Rauner,* Assistants Attorney General, for defendant Liquor Control Commission.

*Watson & Inman,* for defendant Algonquin Hotel.

ADAMS, J.    This is an action in chancery brought* in the circuit court of St. Clair county in which the plaintiff and appellant seeks to restrain the Michigan liquor control commission, defendant, from issuing a class "A" hotel license to the Algonquin Hotel located in the city of Port Huron, Michigan.

The plaintiff is a member and officer of the Port Huron Corps of the Salvation Army, a religious corporation incorporated under the laws of the State of Michigan, and the defendant, Algonquin Hotel Company, is a Michigan corporation operating the Algonquin Hotel which is located within 500 feet of the Salvation Army Citadel.

The sole issue to be determined in this appeal is whether the Salvation Army Citadel is a "church" as defined in section 2† of the Michigan liquor control act (PA 1933 [Ex Sess], No 8, as amended [CL 1948, § 436.1 *et seq.,* as amended (Stat Ann and

---

\* The bill of complaint was filed December 18, 1951.—REPORTER.

† CL 1948, § 436.2, as amended by PA 1951, No 219 (Stat Ann 1951 Cum Supp § 18.972).—REPORTER.

Stat Ann 1949 Cum Supp § 18.971 *et seq.*)]), the pertinent portion of the section being:

" 'Church' to mean an entire house or structure set apart primarily for use for purposes of public worship, in which religious services are held and with which a clergyman is associated. The entire house or structure is kept for that use and not put to any other use substantially inconsistent therewith."

If the citadel is a "church" as above defined, the commission would be required to deny the application for a license under the provisions of section 17a of the above-quoted act.* The circuit judge found that it was not a church within the meaning of the act and denied plaintiff's prayer for an injunction. Plaintiff appeals from the decree.

The citadel is a 3-story brick building fronting on Huron avenue with a total floor space of approximately 12,255 square feet. It has a sizeable auditorium, a gymnasium, a lower hall used for Sunday school classes, an office, other smaller rooms and storage space. At the front of the building and on either side of the main entrance, 2 rooms comprising approximately 7-1/2% of the total floor space of the building are rented to commercial concerns on a month-to-month basis. One of these rooms is occupied by a barber and the other by a vacuum cleaner company. The combined rental of the 2 rooms is $110 per month and this income is used to assist in the maintenance of the building and the promotion of the Salvation Army's program.

Religious services are conducted in the building on Sundays by a clergyman and throughout the week portions of the building are used by religious and civic groups. Charges made for certain of these

---

* See CL 1948, § 436.17a, as amended by PA 1949, No 106 (Stat Ann 1951 Cum Supp § 18.988[1]).—REPORTER.

weekday activities are computed on a basis of the cost of maintaining that portion of the building used.

It is the plaintiff's position that the citadel's primary use is for public worship, that a clergyman is associated with religious services held therein, and that it is used for no purpose substantially inconsistent with its primary purpose of providing a place for public worship. He contends further that the renting of the 2 rooms for commercial purposes is not an inconsistent use for the reason that the rental income is used to maintain the building and to promote the program of the Salvation Army. He concludes, therefore, that given a liberal construction of the statutory definition, the citadel is a church as contemplated by the legislature and that the hotel company should be denied a license because of its proximity to the citadel.

Plaintiff's position would be tenable were it not for the fact that the statute in defining a church building twice uses the word "entire", the obvious purpose being to make it clear that while the use of a building for public worship might vary slightly from area to area, depending upon the character of the community, the denomination of the church, or other related exigencies, neverthless such use must encompass the entire building.

While a liberal construction of the act is suggested by the act itself (section 54) and approved by this Court (*Morse* v. *Liquor Control Commission,* 319 Mich 52) in order that the intent and purposes of the law may be effectuated and particularly that churches, schools and the general public may be protected from any detriment arising out of the conduct of the liquor business, still it is not the province of this Court to alter or change the clear, distinct and unequivocal wording of a legislative enactment. If the statute in question lacked clarity, its wording might well require construction by the

Court, but here we find neither vagueness nor doubt.

In order to have a church within the meaning of the statute, the entire building must be used primarily for purposes of public worship. That the entire building here considered is not so used seems too clear to require discussion. The front of the building at ground level, excepting only the entrance way, is used for secular purposes. From an income standpoint, that portion of the building is of substantial value. The area of the 2 rooms comprises a sizeable part of the useable floor space of the building. Discontinuance of the secular use of the rooms would materially change the public's use of the building.

Using the rental income for the maintenance of the building and religious purposes does not alter the secular character of the use of the 2 rented rooms. Such has been the holding of courts of other States.

"The meaning of this law is, as applied to religious buildings and furniture, that they must be used directly for sacred and not for secular purposes. It is not enough that the profits or income of the secular uses are to be applied to sacred purposes." *First Methodist Episcopal Church of Chicago* v. *City of Chicago,* 26 Ill 482, 487.

"Entertainments, whether gratuitous or for revenue, may properly be included among church purposes; but, if the legislature intended to protect buildings used for church purposes generally, it may reasonably be assumed that it would have said so in unequivocal language. As it is, section 24, subd 2, of the liquor tax law, prohibits the issuance of a certificate only when the building is used 'as a church' exclusively; thus seemingly permitting the certificate if the building is used for purposes other than worship. It could not reasonably be contended that the protection would apply if the building is in part used for business or dwellings, though the revenue thus derived contributed towards the

church's support.   *In re Rupp,* 55 Misc Rep 313 (106 NYS 483, 484).

We conclude, therefore, that the Citadel of the Salvation Army in the city of Port Huron is not a church as defined by the Michgan liquor control act. The decree of the circuit court is affirmed.   No costs, a public issue being involved.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.