YPSILANTI POLICE OFFICERS ASSOCIATION v EASTERN
MICHIGAN UNIVERSITY

1. ARBITRATION AND AWARD—STATUTES—COMPULSORY ARBITRATION—
   POLICE AND FIRE DEPARTMENTS—UNIVERSITIES.

   A state university employing campus police officers is not a public
   police department of a city, county, village or township within
   the meaning of a statute which provides for compulsory arbi-
   tration proceedings between public police and fire departments
   and their employees (MCLA 423.231 *et seq.*).

2. ARBITRATION AND AWARD—STATUTES—COMPULSORY ARBITRATION—
   MUNICIPAL CORPORATIONS—POLICE AND FIRE DEPARTMENTS—
   UNIVERSITIES.

   The language of a statute providing for compulsory arbitration
   between municipal police departments and their employees is
   plain and unambiguous and should be enforced as written;
   therefore, a labor dispute between a state university and its
   campus police is not subject to compulsory arbitration under
   the statute because the university, as the employer, is not a
   department of a city, county, village or township (MCLA
   423.231 *et seq.*).

3. STATUTES—CONSTRUCTION—LIBERAL CONSTRUCTION.

   A legislative mandate that a statute shall be liberally construed
   means only that when the courts are required to construe the
   statute they must construe it liberally; it is not the province of
   a court to alter or change the clear, distinct, and unequivocal
   wording of a legislative enactment.

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 April 9, 1975, at Lansing.
(Docket No. 20201.) Decided June 11, 1975.

Complaint by the Ypsilanti Police Officers Asso-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arbitration and Award §§ 9, 11.
[3] 73 Am Jur 2d, Statutes §§ 272, 273.

ciation and the Eastern Michigan University Police Officers against Eastern Michigan University for a declaratory judgment. Judgment for defendant. Plaintiff appeals by leave granted. Affirmed.

*Collins & McCormick,* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Triff* (by *John A. Entenman),* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK and M. F. CAVANAGH, JJ.

V. J. BRENNAN, P. J. On August 13, 1973, plaintiffs filed a declaratory judgment action in Washtenaw County Circuit Court seeking the determination of whether 1969 PA 312, which provides for compulsory arbitration in certain areas of public employment, applied to police officers employed by Eastern Michigan University. From a judgment in favor of defendant entered on November 5, 1973, this Court granted plaintiffs' application for delayed appeal.

The facts of this case are arrived at by stipulation of counsel below, and exhibits. The Ypsilanti Police Officers Association is the bargaining agent for police officers employed by Eastern Michigan University in Ypsilanti, Michigan. 1947 PA 336; MCLA 423.201 *et seq.;* MSA 17.455(1) *et seq.,* prohibits strikes by public employees. 1969 PA 312; MCLA 423.231 *et seq.;* MSA 17.455(31) *et seq.,* provides for compulsory arbitration of labor disputes of police and fire departments of a "city, county, village or township".

Plaintiffs were able to show to the court that they

"(1) are police officers, (2) perform police functions, (3)

are deputized by the City of Ypsilanti, (4) are deputized by the Washtenaw County Sheriff's Department, (5) are issued identification cards stating they are employees of the Washtenaw County Sheriff, (6) are issued identification cards stating they are members of the Ypsilanti Police Department, which cards are signed by the Chief of Police of the City of Ypsilanti, (7) carry guns * * * as required by the City of Ypsilanti and Washtenaw County Sheriff, (8) follow a book of regulations from the Ypsilanti Police Department and (9) enforce the ordinances of the City of Ypsilanti."

Plaintiffs' basic factual contentions are best found in the following excerpt from their brief:

"In the Circuit Court, two agreements between Eastern Michigan University and the City of Ypsilanti were introduced, one dated November, 1972, * * * and a second dated July 1973 * * * . These agreements contain numerous provisions demonstrating that Appellants are employees of the City of Ypsilanti. Section I states that the Appellants are commissioned by the Ypsilanti Chief of Police. Section II of the original agreement stated that Appellants could only wear the type of badge and uniform which was approved by the Ypsilanti Chief of Police. Section III gives the Ypsilanti Chief of Police the power to fire Appellants and the sole discretion to rehire them. Under Section IV the Appellants are sworn in by the Ypsilanti City Clerk as commissioned police officers for the City of Ypsilanti. Section V grants Appellants all the powers and privileges of a regular police officer of the City of Ypsilanti. Section VI requires Appellants to enforce all state laws and all ordinances of the City of Ypsilanti. Section VIII requires Appellants to assist members of the Ypsilanti Police Department in emergencies. Section XI requires Appellants to fully cooperate with the Ypsilanti Police Department. Finally, Section XIII requires Appellants to meet the training requirements of the Ypsilanti Chief of Police.

"Appellants contend that, under the liberal construction of Act 312 required by MCLA Section 423.231,

Appellants are members of the Ypsilanti City Police and the Washtenaw County Sheriff's Department for the purposes of Act 312. The Circuit Court decided that they were not and therefore denied Appellants' Petition."

The July, 1973, agreement between the City of Ypsilanti Police Department and the University also includes language, however, which provides that campus officers are employees of the University and not the police department. The University sets their salaries and hours. They are hired and fired by the University, who has complete control over their employment. It is also noteworthy that early in July, 1973, the representative for plaintiffs sent a letter to the University which expressed a desire to arbitrate as provided by statutory law, if no agreement could be reached by August.

It is evident that if Eastern Michigan University had no campus police, the Ypsilanti Police Department would be under a duty to provide the University community with adequate police protection. Moreover, if the campus police went on strike, such action might well have an adverse impact on the Ypsilanti Police Department's operations.

In this light, the Court must ascertain whether the Eastern Michigan University Campus Police are entitled to initiate compulsory arbitration proceedings under 1969 PA 312. Initially, we look to the provisions of the statute itself:

"It is the public policy of this state that in public police and fire departments, where the right of employees to strike is by law prohibited, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternate, expeditious, effective and binding procedure for the

resolution of disputes, and to that end the provisions of this act, providing for compulsory arbitration, shall be liberally construed." MCLA 423.231; MSA 17.455(31).

"Public police and fire departments means any department of a city, county, village or township having employees engaged as policemen or in fire fighting or subject to the hazards thereof." MCLA 423.232; MSA 17.455(32).

"Whenever in the course of mediation of a public police or fire department employee's dispute, the dispute has not been resolved to the agreement of both parties within 30 days of the submission of the dispute to mediation and fact-finding, or within such further additional periods to which the parties may agree, the employees or employer may initiate binding arbitration proceedings by prompt request therefor, in writing, to the other, with copy to the labor mediation board." MCLA 423.233; MSA 17.455(33).

We cannot, in any way, see a principal-agency theory between the Ypsilanti Police Department and the University. Therefore, it would appear to be clear that Eastern Michigan University is not a public police department within the meaning of the act. It is not a department of a "city, county, village or township".

In construing statutes, it is helpful to keep in proper perspective the function of the court:

" 'Although we may not usurp the law-making function of the legislature, the proper construction of a statute is a judicial function, *Albert v Gibson,* 141 Mich 698 [105 NW 19 (1905)], and we are required to discover the legislative intent, *People v Marxhausen,* 204 Mich 559 [171 NW 557] 3 ALR 1505 [1919], *Miles, ex rel Kamferbeek v Fortney,* 223 Mich 552 [194 NW 605 (1923)], *Gwitt v Foss,* 230 Mich 8 [203 NW 151 (1925)], and *People v Gould,* 237 Mich 156 [211 NW 346 (1926)].

" 'Where, however, the language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. *Attorney General v*

*Bank of Michigan,* Harr Ch 315 (Mich [1842]), *Bennett v Michigan Pulpwood Co,* 181 Mich 33 [147 NW 490 (1914)]. Its occasion and necessity are matters of judicial concern, *Sibley v Smith,* 2 Mich 486 [1853], and *Bennett v Michigan Pulpwood Co, supra,* and its purpose should be effected if possible, *People v Stickle,* 156 Mich 557 [121 NW 497 (1909)]. Its spirit and purpose should prevail over its strict letter, *Stambaugh Township v Iron County Treasurer,* 153 Mich 104 [116 NW 569 (1908)]. Injustice in its application should be prevented, *Attorney General, ex rel Common Council of the City of Detroit v Marx,* 203 Mich 331 [168 NW 1005 (1918)], and absurd consequences avoided, *Attorney General v Railway,* 210 Mich 227 [177 NW 726 (1920)]. ' " *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948).

Also see *Aikens v Dept of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972). Thus, one must determine whether the statute providing for compulsory arbitration is clear and unambiguous. If so, it is the Court's duty to enforce the statute as written. *Nordman v Calhoun,* 332 Mich 460, 465; 51 NW2d 906 (1952), *Busha v Dept of State Highways,* 51 Mich App 397, 399; 215 NW2d 567 (1974). As Justice LEVIN recently stated, "What is 'plain and unambiguous' often depends on one's frame of reference." *Shiffer v Board of Education of Gibraltar School District,* 393 Mich 190, 194; 224 NW2d 255 (1974).

In our opinion, the language of the act is plain and unambiguous. The legislative intent was to provide for compulsory arbitration between municipal police departments and their employees. The preface states that the object of the act was to "provide for compulsory arbitration of labor disputes *in* municipal police and fire departments. Section 3 of the act provides that a prerequisite for

initiating binding arbitration is nonresolution of a "department employee's dispute". Thus, labor disputes which are subject to compulsory arbitration are only those between an employee of a municipal department and the department itself.

As correctly pointed out by defendant, the provisions of the act are geared to the employing unit, not employee status. The City of Ypsilanti Police Department does assert some control over plaintiffs. Nonetheless, campus police do not bargain with the city police department. Eastern Michigan University, not the City of Ypsilanti or Washtenaw County Sheriff's Department, hires the plaintiffs.

Plaintiffs rely heavily on the fact that the Legislature included the mandate that the provisions concerning compulsory arbitration "shall be liberally construed". This means only that when the courts are required to construe a statute, they must construe it liberally. In *Staiger v Liquor Control Commission,* 336 Mich 630, 633–634; 59 NW2d 26 (1953), it was stated:

"While a liberal construction of the act is *suggested* by the act itself * * * in order that the intent and purposes of the law may be effectuated * * * still it is not the province of this Court to alter or change the clear, distinct and unequivocal wording of a legislative enactment. If the statute in question lacked clarity, its wording might well require construction by the Court, but here we find neither vagueness nor doubt."

In our opinion the language is plain and unambiguous and should be enforced as written.

The judgment of the trial court is hereby affirmed. No costs, a public question.