*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD L. HARKINS and MILA HARKINS,

        Plaintiffs-Appellants,

v

SUN PHARMACEUTICAL INDUSTRIES, INC.,

        Defendant-Appellee.

UNPUBLISHED
December 19, 2019

No. 344505
Wayne Circuit Court
LC No. 17-013278-CB

Before: RIORDAN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Plaintiffs, Donald L. Harkins ("Donald") and Mila Harkins ("Mila"), appeal as of right an order granting defendant, Sun Pharmaceutical Industries, Inc.'s ("Sun Pharmaceutical"), motion for summary disposition and denying plaintiffs' motion for summary disposition, in this case involving claims under the Business Corporations Act (BCA), MCL 450.1101 *et seq*. We affirm.

## I. BACKGROUND

In 2011, plaintiffs were beneficial owners of a minority of the shares of Caraco Pharmaceutical Laboratories, Ltd. ("Caraco"). On May 10, 2011, Caraco issued a notice of a special meeting of its stockholders to be held on June 14, 2011. The purpose of this meeting was to consider and vote on a proposed merger of Caraco with the controlling shareholder of Caraco, Sun Laboratories, Inc. Under the proposed merger, shares of minority stockholders such as plaintiffs' shares would be canceled, and the holders of the canceled shares would be paid $5.25 for each share. The notice was sent to Cede & Company ("Cede & Co."), the record holder of plaintiffs' shares. Cede & Co. forwarded the notice to plaintiffs' broker, Ameritrade. Ameritrade provided the notice to plaintiffs.

On May 23, 2011, Donald sent to Caraco a written notice that plaintiffs were asserting dissenter rights, seeking payment for the shares at a rate of $47.03 a share. This notice provided no indication of written consent of Cede & Co. to the dissent. On June 7, 2011, Cede & Co. sent letters to Caraco asserting dissenter rights on behalf of plaintiffs and stating that future correspondence on the matter should be directed to Donald. On June 17, 2011, Caraco sent

letters to Cede & Co., with courtesy copies provided to Donald and Ameritrade, indicating that the merger was approved and consummated on June 14, 2011, and that any payment demand of a dissenting shareholder must be provided to Caraco no later than July 20, 2011. On July 11, 2011, Donald sent to Caraco a written demand for payment in the amount of $47.03 a share and the endorsed certificates for the shares. On July 19, 2011 Caraco sent a letter to Cede & Co. with courtesy copies provided to Ameritrade and Donald, enclosing payment for the shares at the rate of $5.25 a share with interest. This letter stated that Donald did not properly assert dissenter rights and that Caraco reserved all of its rights and defenses. Caraco did not commence an appraisal proceeding in circuit court within 60 days of Donald's July 11, 2011 payment demand, as provided for under MCL 450.1773(1).

On September 1, 2017, plaintiffs commenced this action against Sun Pharmaceutical, the corporate successor of Caraco following the merger. Plaintiffs relied on the dissenter rights provisions of the BCA, seeking to recover the value of the shares at plaintiffs' requested rate of $47.03 a share along with interest. On February 13, 2018, plaintiffs filed a motion for leave to amend their complaint to add a conversion claim. The trial court denied the motion to amend.

The parties later filed competing motions for summary disposition, with the issues focused on whether plaintiffs had complied with the dissenter rights provisions of the BCA and whether this action was time-barred. The trial court ruled that the action was time-barred, granted summary disposition to Sun Pharmaceutical and declined to address the BCA compliance issue. This appeal followed.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

> A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil*, 504 Mich at 160 (quotation marks and citations omitted).]

Issues of statutory interpretation are reviewed de novo. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). "When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

We disagree with the trial court's ruling that the plaintiffs' claims were time-barred. The three-year and two-year limitation periods set forth in MCL 450.1489(1)(f) apply with respect to "a cause of action under this section[.]" However, plaintiffs are not pursuing a cause of action

under that section. MCL 450.1489(1) provides that "[a] shareholder" may bring an action "to establish that the acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the shareholder." The plaintiffs in a suit under MCL 450.1489(1) "may only be current shareholders." *Estes v Idea Engineering & Fabricating, Inc*, 250 Mich App 270, 282; 649 NW2d 84 (2002). Plaintiffs are former shareholders, not current shareholders. Their shares were canceled when the merger was consummated in 2011. Therefore, plaintiffs' action was not under MCL 450.1489(1), and the limitation periods in MCL 450.1489(1)(f) are thus inapplicable.

Rather, the residual six-year limitation period of MCL 600.5813 applies because plaintiffs are alleging a statutory violation for the failure to comply with provisions of the BCA. See MCL 600.5813 ("All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."); *Estes*, 250 Mich App at 285-286 (applying the residual limitation period of MCL 600.5813 to a cause of action under the BCA when no other limitation period existed at the relevant time). Under this statutory scheme, plaintiffs' claim did not accrue until September 9, 2011, which was 60 days after plaintiffs submitted their July 11, 2011 demand for payment. See MCL 450.1773(1) (providing a corporation 60 days to commence an appraisal proceeding in circuit court after receiving a payment demand). Plaintiffs' claim is based on the assertion that Caraco violated MCL 450.1773(1) by failing to pay the amount demanded by plaintiffs or to commence an appraisal proceeding in circuit court within the statutory 60-day period. Although Caraco's July 19, 2011 letter stated that Donald did not properly assert his dissenter rights and that Caraco reserved its rights and defenses, this letter did not definitively indicate that Caraco would refuse to pay the demand or to commence an appraisal proceeding within the 60-day period. The July 19, 2011 letter did not eliminate the possibility that Caraco could pay the amount demanded by plaintiffs or commence an appraisal proceeding within 60 days of plaintiffs' July 11, 2011 demand letter, in accordance with MCL 450.1773(1). Therefore, the alleged statutory violation by Caraco did not occur until September 9, 2011. Hence, plaintiffs' cause of action accrued, and the limitation period began running, on that date. This action was filed on September 1, 2017, which was thus within the six-year limitation period.

We do however conclude that Sun Pharmaceutical was entitled to summary disposition because plaintiffs failed to perfect their dissenter rights in accordance with the statutory requirements. Although the trial court ruled that plaintiffs' claims were time-barred, this Court will not reverse a trial court's order if it reached the right result for the wrong reason. *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 449; 886 NW2d 445 (2015). MCL 450.1765(1) requires a shareholder who wishes to assert dissenter rights to deliver written notice of his, her, or its intent to demand payment before the shareholders' meeting is held. Failure to comply with this requirement means that a shareholder is not entitled to payment for his, her, or its shares. MCL 450.1765(3). Under MCL 450.1763(2)(a), a beneficial shareholder may assert dissenter rights "only if," among other things, he or she "submits to the corporation the record shareholder's written consent to the dissent not later than the time the beneficial shareholder asserts dissenters' rights." Plaintiffs, who were the beneficial shareholders not the record shareholders, submitted notice of their dissent in a written document dated May 23, 2011. In that notice, Donald, who identified himself as "trustee of the Donald L. Harkins CPA, PC individual 401k plan (FBO of Donald L. Harkins and Mila Harkins) ["the Plan"]," stated that he "is making demand under MCL 450.1772 as a dissenter, in which he is rejecting the corporation's offer and

demanding payment of his own estimated fair market value in the amount of $47.03 per share together with interest at the rate of 7% per annum . . . ." The notice was signed by Donald on behalf of the Plan "FBO of Donald L. Harkins and Mila Harkins[.]" The notice did not provide any indication of the required written consent of Cede & Co., the record holder of the shares, to the dissent. Therefore, because plaintiffs failed to submit the record shareholder's written consent to the dissent not later than the time that plaintiffs asserted dissenter rights, plaintiffs were not entitled to assert dissenter rights. MCL 450.1763(2).

It is true that, on June 7, 2011, before the shareholders' meeting took place, Cede & Co. sent letters to Caraco identifying Cede & Co. as the record shareholder and plaintiffs as the beneficial shareholders, and asserted dissenter rights on behalf of plaintiffs. The letters further stated that future correspondence on this matter should be directed to Donald. But we are not convinced that these letters constituted Cede & Co.'s written consent to plaintiffs' dissent. Neither is there any published case guiding a conclusion in that direction. The letters indicate that Cede & Co. was dissenting on behalf of plaintiffs, not on Cede & Co.'s own behalf. There is no language indicating that Cede & Co. itself was taking a position on its own behalf with respect to plaintiffs' dissent. But even if the letters could somehow be construed as indicating that Cede & Co. consented to plaintiffs' dissent, the fact remains that the letters were sent on June 7, 2011, which was after plaintiffs' May 23, 2011 notice asserting dissenter rights. Plaintiffs did not submit Cede & Co.'s written consent to the dissent before or simultaneous with the time that plaintiffs asserted dissenter rights. Therefore, the fact remains that plaintiffs did not comply with MCL 450.1763(2)(a) and are thus precluded under the plain language of that provision from asserting dissenter rights.

Plaintiffs argue that a different result is required because the BCA "is required to be interpreted liberally." We disagree. It is true that MCL 450.1103 provides that the BCA "shall be liberally construed and applied to promote its underlying purposes and policies which include . . . (c) [t]o give special recognition to the legitimate needs of close corporations." See also *Estes*, 250 Mich App at 278 (taking note of this language in MCL 450.1103). But even when a statutory scheme calls for a liberal construction of its provisions, this Court may not alter the unambiguous language of a statutory provision. See *Staiger v Liquor Control Comm*, 336 Mich 630, 633-634; 59 NW2d 26 (1953); *Ypsilanti Police Officers Ass'n v Eastern Mich Univ*, 62 Mich App 87, 93; 233 NW2d 497 (1975). MCL 450.1763(2)(a) unambiguously provides that a beneficial shareholder may assert dissenter rights "only if" he or she submits the record shareholder's written consent to the dissent "not later than the time the beneficial shareholder asserts dissenters' rights." Plaintiffs asserted dissenter rights on May 23, 2011, and did not submit the record shareholder's written consent before or simultaneously with their assertion of dissenter rights. Under the unambiguous text of MCL 450.1763(2)(a), plaintiffs failed to perfect their dissenter rights, and they simply cannot avoid the clear statutory language.

## III. LEAVE TO AMEND

Plaintiffs next argue that the trial court abused its discretion in denying their motion for leave to amend their complaint to add a conversion claim. We disagree.

## A. STANDARD OF REVIEW

-4-

"A trial court's decision on a motion to amend a complaint is reviewed for an abuse of discretion." *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017). A trial court abuses its discretion if its decision falls outside the range of principled outcomes. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2d 827 (2009).

## B. ANALYSIS

"A trial court should freely grant leave to amend a complaint when justice so requires." *Sanders v Perfecting Church*, 303 Mich App 1, 9; 840 NW2d 401 (2013), citing MCR 2.118(A)(2). "Ordinarily, a motion to amend a complaint should be granted unless the amendment would be futile." *Sanders*, 303 Mich App at 9, citing *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998). "A determination of futility must be based on the legal insufficiency of the claim on its face." *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 139; 676 NW2d 633 (2003), citing *McNees v Cedar Springs Stamping Co*, 184 Mich App 101, 103; 457 NW2d 68 (1990).

"In the civil context, conversion is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 391; 486 NW2d 600 (1992). Statutory conversion requires an additional showing that the defendant "employed the converted property for some purpose personal to the defendant's interests[.]" *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 359; 871 NW2d 136 (2015); see also MCL 600.2919a. "To support an act for conversion of money, the defendant must have obtained the money without the owner's consent to the creation of a debtor-creditor relationship and must have had an obligation to return the specific money entrusted to his care." *Lawsuit Fin, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004) (quotation marks and citation omitted).

Plaintiffs have not alleged facts establishing a claim of conversion. This case involves a dispute over the valuation of plaintiffs' stock shares that were canceled as part of a corporate merger. The parties' differing opinions regarding the value of plaintiffs' shares does not establish that Caraco or Sun Pharmaceutical obtained money without plaintiffs' consent to the creation of a debtor-creditor relationship or that Caraco or Sun Pharmaceutical had an obligation to return any specific money or distinct funds entrusted to their care. See generally, *Lawsuit Fin, LLC*, 261 Mich App at 592. Because plaintiffs have failed to allege facts that would establish conversion, their proposed amendment to add a conversion claim is futile. The trial court's denial of the motion to amend the complaint fell within the range of principled outcomes.

Moreover, this Court has held that a conversion claim is subject to the three-year limitation period for injury to person or property. See MCL 600.5805(2); *Tillman v Great Lakes Truck Ctr, Inc*, 277 Mich App 47, 49-50; 742 NW2d 622 (2007). The alleged conversion here occurred in 2011, and this lawsuit was filed in 2017. Plaintiffs' proposed conversion claim would therefore be time-barred, and the proposed amendment is futile on this ground as well.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens